Herman Waiss et al., Defendants in Error, v. Joseph G. Cannon, Plaintiff in Error.

### Gen. No. 14,325.

1. BROKERS AND FACTORS—*what sufficient to show license in absence of objection.* The testimony of a plaintiff given without objection that he had a license upon. a date but a short time before the consummation of the sale is sufficient.

2. BROKERS AND FACTORS—*what essential to recover real estate commissions.* In order to entitle brokers to recover real estate commissions claimed they must show by a preponderance of the evidence that they produced a purchaser ready, able and willing to buy the property in question upon the terms at which the owner was willing to sell.

3. EVIDENCE—*when objection to secondary, comes too late.* Objection to secondary evidence first made on appeal is too late and will not avail.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and judgment here. Opinion filed January 26, 1909. Rehearing denied February 5, 1909.

GALLAGHER & MESSNER, for plaintiff in error; LOUIS GREENBERG, of counsel.

GROSSBERG & KOMPEL, for defendants in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Defendants in error, Herman Waiss and Levi Goldstein, sued Joseph G. Cannon plaintiff in error, in the Municipal Court of Chicago for $157.50 claimed to be due them as real estate brokers for commissions. The statement of claim filed is as follows:

"Plaintiffs' claim is for commissions earned by said plaintiffs as real estate agents or brokers for the said defendant in having procured for the said defendant, at his special request, a purchaser, one Harry Klein, for a certain piece of property known as No. 454 South Fairfield avenue. The plaintiffs' claim is for the sum of $157.50, as brokerage, the said sum being 2½ per cent. on $6,300, the purchaser price provided for in the contract between said defendant and the purchaser, one Harry Klein."

The plaintiffs had judgment for the amount of the claim, and this writ of error is prosecuted to reverse the judgment.

Two grounds for the reversal of the judgment are presented by the assignment of errors, First, the absence of proof that plaintiffs were duly licensed real estate brokers on the day they produced the purchaser, as required by the ordinances of the city of Chicago; and second, the evidence does not sustain the finding and judgment of the court.

As to the first ground it is urged that the plaintiffs failed to introduce a license showing that the plaintiffs were licensed brokers under the city ordinances on October 22, 1907, the date when the plaintiffs claimed to have produced a customer for defendant's property. The only evidence on the subject was that of plaintiff Waiss, who testified without objection that he was a licensed broker on and prior to October 13, 1907. We think this was sufficient evidence of the fact, in the absence of objection that it was not the best evidence. A party may not remain silent while secondary evidence is being produced by his adversary of a material fact, and then raise the question for the first time, on appeal or writ of error in this court.

Upon a review of the evidence we are of opinion that it does not sustain the finding and judgment. We do not think the evidence shows that the defendant Cannon entered into a contract with Klein. While it is true that the commissions payable by the vendor do not necessarily constitute any part of the terms of

sale with the vendee, still, if the vendee offers a price less than the vendor is willing to take for his property and pay full the commission to the broker on the proposed sale, the vendor may insist upon either a reduction in the amount of the commissions or some other arrangement in regard thereto as a condition to his assent to the sale. The plaintiffs' evidence in this record does not show that Cannon agreed to the proposed sale. The parties met to talk over the proposed transaction which if agreed to was to be put in writing and signed by the parties. Cannon declined to sign a paper which was prepared, and until both parties signed it no contract was made, and the whole matter was open for discussion and negotiation until it was put in final form and signed by the parties.

We find no evidence in the record of the contract to which plaintiffs claim that Cannon gave his oral assent. The paper itself was not offered in evidence, nor were its terms shown fully. What was to be agreed upon as to the mortgage on the property does not appear. It does not appear whether Klein was to pay it or not. The terms of the second mortgage which it was proposed Cannon should take nowhere appear in the evidence.

Cannon's testimony is to the effect that he did not authorize the contract to be written up, and did not read it, and did not assent to it verbally. On the other hand he expressed his dissatisfaction with the terms proposed and left the conference.

In order to entitle plaintiffs to the commission claimed they must show by a preponderance of the evidence that they produced a purchaser ready, able and willing to buy the property in question upon the terms at which Cannon was willing to sell it. The evidence fails to show this.

The judgment is reversed with a finding of fact, and judgment is entered here in favor of the defendant, plaintiff in error, Joseph G. Cannon.

*Reversed and judgment here.*